## Shields, Appellant, *v.* U. S. Fidelity & Guaranty Co.

*Principal and surety—Return of collateral deposited with surety—Assignment—Revocable words—Revocation.*

1. Where a surety company, after liability had ceased, returns to the principal in a bond a fund deposited by him as collateral, a third person from whom the principal had borrowed the fund cannot recover the amount from the company, where it appears that the principal had endorsed on his collateral agreement with the company the words "Please deliver the within described collateral to" naming the lender, to whom the paper was delivered, and it appears that the principal had obtained this agreement back from the lender, tendered it to the company and received the fund.

2. Such endorsement is a mere request, revocable at pleasure, and the presentation of the paper to the company for payment was a revocation.

Argued January 5, 1923. Appeal, No. 131, Jan. T., 1923, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1921, No. 2468, refusing to take off nonsuit, in case of George Shields v. United States Fidelity & Guar-

anty Co. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Assumpsit to recover money had and received. Before SHOEMAKER, J.

The opinion of the Supreme Court states the facts.

Nonsuit; refusal to take off. Plaintiff appealed.

*Error assigned* was order, quoting it.

*Bertram D. Rearick,* for appellant, cited: Flegal v. Hoover, 156 Pa. 276; Hassinger v. Solms, 5 S. & R. 4; Munn v. McDonald, 10 Watts 270; Hercules Ice Machine Co. v. Segal, 185 Pa. 605; East Lewisburg L. Co. v. Marsh, 91 Pa. 96; Caufield v. Van Brunt, 173 Pa. 428; McCleerly v. Stoup, 32 Pa. Superior Ct. 42; Fett's Est., 39 Pa. Superior Ct. 246.

*Gerald Ronon,* with him *Bayard Henry,* for appellee.

PER CURIAM, February 12, 1923:

Defendant furnished a surety bond for Harry Stein for his use in withdrawing liquor under the provisions of the Federal Prohibition Act. At the same time Stein deposited with defendant, under a collateral agreement executed in duplicate, the sum of $1,500 to secure it against loss on the surety obligation. The money deposited by Stein was loaned to him by plaintiff in consideration of the payment of $150 for its use for three months. The collateral agreement, one copy of which was retained by defendant and the other delivered to Stein, provided, inter alia, for the return of the $1,500 to Stein upon the termination of defendant's liability as surety and further contained the endorsement, "Please deliver the within described collateral to George Shields. [signed] Harry Stein." Following the adding of the endorsement just referred to, Stein delivered his copy to plaintiff. Later, the withdrawal permit having been

cancelled by the federal authorities and defendant thereby relieved from liability as surety, Stein presented to defendant the copy of the collateral agreement delivered to him at the time of its execution and received and receipted for the $1,500 deposit. Upon learning that fact plaintiff, after demand, brought action against defendant to recover the amount of the deposit. The court below granted a nonsuit which it later refused to take off, and this appeal followed.

Whether Stein received the copy of the agreement from plaintiff surreptitiously, as claimed by plaintiff, in the absence of notice to defendant to that effect, or otherwise, is immaterial in determining this case. The question is do the words "Please deliver the within described collateral to George Shields" constitute an assignment of the fund or do they merely indicate a request revocable at any time before payment. Upon examination of the authorities cited, together with the evidence, we are clearly of the opinion that Stein's instruction to deliver to Shields the collateral held by defendant was a mere request, revocable at pleasure, and that the producing of the copy of the agreement delivered to him at the time of executing the bond, with the endorsed order to pay to Shields thereon, was a revocation of the request and warranted defendant in making payment to him of the collateral deposit; especially is this the case in view of the provision providing for return of the collateral to Stein "upon surrender of this instrument duly endorsed" and in absence of notice from Shields forbidding such payment. The court below properly granted a nonsuit and its refusal to take it off was not error.

The judgment is affirmed.